IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARGUERITE LOUISE BROOKS, #171716, )<br>a.k.a., Marguerite Louise Richards Hardy Brooks, )<br>            )<br>    Plaintiff,    )<br>            )<br>    v.        )<br>            )<br>STATE OF ALABAMA,    )<br>            )<br>    Defendant.    ) | CASE NO. 2:16-CV-38-WHA-SRW |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Marguerite Louise Brooks ("Brooks"), an indigent state inmate presently incarcerated at the Julia Tutwiler Prison for Women. In the instant complaint, Brooks alleges that during her almost twenty-three years of incarceration she has been denied "support from employees of [the] Department of Corrections officers, support means sex, money or goods." *Complaint - Doc. No. 1* at 3. Brooks next alleges that members of the victim's family threatened and harassed her while she was on bond awaiting trial, actions which occurred prior to her incarceration some twenty-three years ago, and also references potential acts of revenge by these individuals. *Id*. Finally, Brooks appears to challenge the general adequacy of medical treatment she has received during her entire term of incarceration and the constitutionality of her incarceration pursuant to a conviction for murder. *Id*. at 3-4.

**II. DISCUSSION**

Upon initiation of this case, Brooks filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Doc. No. 2*.

However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if she "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The records of this court establish that Brooks, while incarcerated or detained, has on at least four occasions had civil actions dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit. The actions on which this court relies in finding a § 1915(g) violation by Brooks are: (1) *Brooks v. Siegelman, et al.*, Case No. 2:01-CV-569-ID-SRW (M.D. Ala. 2001); (2) *Brooks v. Gordon, et al.*, Case No. 2:01-CV-516-MHT-SRW (M.D. Ala. 2001); (3) *Brooks v. James, et al.*, Case No. 2:01-CV-228-ID-SRW (M.D. Ala. 2001); and (4) *Brooks v. James, et al.*, Case No. 2:01-CV-196-WHA-SRW (M.D. Ala. 2001).

The court has thoroughly reviewed the claims presented in the instant complaint. Based on this review, the court concludes that the allegations set forth by Brooks fail to demonstrate that she was "under imminent danger of serious physical injury" at the time of filing this cause of action as is required to meet the exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216, 127 S.Ct. at 921.

F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger of serious physical injury" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g).); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (general and/or conclusory allegations are not sufficient to establish the requisite imminent threat of serious physical harm); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (Imminent danger exception available to an inmate-plaintiff only when consequence "is 'serious physical injury....'"). Consequently, Brooks cannot avoid the "three strikes" bar of 28 U.S.C. § 1915(g).

In light of the foregoing, the court concludes that Brooks' motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Brooks failed to pay the requisite filing fee upon initiation of this case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time [she] *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for leave to proceed *in forma pauperis* filed by Brooks be DENIED.

2. This case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before February 12, 2016 the parties may file objections to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 29th day of January, 2016.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE